STATE *EX REL.* RUSSELL v. BACON.

1. Where a school district is created and declared to be a corporation, for the purpose of promoting the educational interests of the people therein, to be under the management and control of a board of trustees, who "shall provide suitable school houses in their district and make the same comfortable," the board of trustees are the corporate authorities of the corporation, and a tax to pay a debt contracted for the erection of a school house is a corporate purpose.
2. This school district, which can act only through its corporate authorities, being authorized to issue bonds for the erection of school buildings, the board of trustees are thereby authorized to assess and collect taxes to pay the bonds so issued, according to their terms; and a provision in the statute making it the duty of the county auditor "to compute annually the amount necessary to be raised and to levy the same upon all the property in said school district," imposes upon that officer only the duty of charging to every taxpayer his proportion of the tax assessed by the trustees. And so long as only a given rate of interest on a fixed sum is to be raised, a formal demand by the trustees upon the auditor to levy the tax is a sufficient assessment by the board of trustees.

This was an original application to this court by W. T. Russell and others, the board of trustees of Spartanburg School District, for a writ of mandamus to require Edmund Bacon, the county auditor of Spartanburg County, to assess a tax. The opinion states the case.

*Mr. H. E. Ravenel,* for relators.

*Messrs. Bomar & Simpson,* contra.

June 19, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. This is an application addressed to this court in the exercise of its original jurisdiction, for a mandamus to compel the respondent forthwith to assess a tax for the purpose of paying the interest on certain bonds authorized to be issued by the relators under the provisions of an act approved 24th of December, 1887.

The petition sets forth: 1st. That the relators constitute the

board of trustees of the school district of the city of Spartanburg. 2nd. That the said school district is a body corporate, duly established for the purpose of maintaining an efficient system of public schools within the limits of said district, and is invested with such powers and charged with such duties as are necessary and proper to carry out such purposes. 3rd. That the respondent is the county auditor of Spartanburg County. 4th. That for the purpose of erecting suitable buildings for the public schools of said district, authority was given to the relators by an act of the legislature above referred to, to issue bonds of said school district, in the sum of twelve thousand dollars, and to make all necessary contracts for the erection of such buildings; and that in pursuance of such authority the relators have had such bonds prepared for issue, and have made contracts for the purchase of a site and the erection of buildings thereon. 5th. That for the purpose of paying the interest which will fall due on said bonds on the first day of July next, and on the first day of each succeeding January and July, it is made the duty of the county auditor of said county to levy upon all the property in the said school district, at the usual time of making the regular annual assessments, an annual tax sufficient for the payment of such interest. 6th. That the relators have applied to the respondent as auditor of said county to make and enter such assessment upon the tax books, which he declines to do. 7th. That such refusal has impaired the market value of the bonds to such an extent that the same cannot be negotiated without detriment to the interests of said school district. 8th. That relators have no other remedy than by mandamus.

The respondent by his return, without controverting any of the facts stated in the petition, bases his refusal upon the following legal grounds, which he submits for the consideration of the court, viz.: 1st. That said bonds are not valid obligations of said school district, and there is no legal authority for him to make the required levy. 2d. That the purpose for which said bonds were authorized to be issued is not a corporate purpose. 3rd. That the act authorizing the issue of said bonds is unconstitutional. 4th. That the school district of the city of Spartanburg is not a corporate body.

For a proper understanding of the questions presented in this case, a brief review of the provisions—constitutional and legislative—relating to this subject will be necessary. First we have the constitutional provision contained in section 8, article IX., of the Constitution, declaring that "The corporate authorities of counties, townships, school districts, cities, towns, and villages may be vested with power to assess and collect taxes for corporate purposes," &c. Next we find the act of March 22, 1878 (16 *Stat.*, 571), entitled "An act to alter and amend the school law of South Carolina," incorporated substantially in General Statutes of 1882 as chap. XIX., which provides that each county shall be divided into convenient school districts, each of which shall be a body politic and corporate, under the management and control of the board of school trustees for such district, which board is, amongst many other things, specially charged : "To provide suitable school houses in their districts, and to make the same comfortable," &c. Then we find that by the act of 1883 (18 *Stat.*, 382), the county board of examiners of Spartanburg County are specially "authorized and required to lay off a separate school district having Spartanburg Court House as the centre, and embracing an area of not less than three miles square" and declaring, "That the said district shall be known as the school district of the city of Spartanburg, and shall be a body politic and corporate, with such government, rights, privileges, and liabilities as are provided for school districts by the school law of South Carolina, approved March 22, 1878."

Finally, we have the act of December 24, 1887 (19 *Stat.*, 1119), under which this controversy has arisen, entitled "An act to enable and authorize the school district of the city of Spartanburg to issue bonds for the purpose of building public school houses in the city of Spartanburg," which in its first section declares: "That the school district of the city of Spartanburg is hereby permitted and authorized to issue twelve thousand dollars of six per cent. bonds for the purpose of building one or more public school buildings in the city of Spartanburg : Provided, that a majority of the qualified voters of said school district shall be in favor of such issue, as expressed in an election held for that purpose." Section 2 prescribes regulations for the election and

declaring the result. In section 3 it is provided, "That the said school district of the city of Spartanburg is hereby declared to be a body corporate for the purpose of issuing said bonds, and when issued shall be signed by the chairman of the board of trustees," &c. Section 4 reads as follows: "That for the purpose of paying the interest on said bonds, and the principal when due, it shall be the duty of the county auditor of the County [of] Spartanburg, or such other officer as may be charged with the assessment of taxes, to compute annually the amount necessary to be raised, and to levy the same upon all the real and personal property in said school district, and the amount so levied shall be collected by the county treasurer of the County of Spartanburg, and held by him for the purpose of paying the said interest or principal, if any be due, and shall be used for no other purpose pose whatever."

From this review it is clear that the school district in question has been duly constituted a corporation, for it is so expressly declared by the act of 1883, and this declaration is repeated, perhaps unnecessarily, in the act of 1887; that the purpose of said corporation was to promote the educational interests of the people residing within the designated territory; and that the board of trustees, though not in terms so declared, are the corporate authorities of such corporation, for by the provisions of the act of 1878, expressly referred to in the act of 1883, and made a part thereof, each school district is under "the management and control" of the board of trustees appointed for the same. And we think it equally clear that the purpose for which the tax in question was authorized—to pay a debt contracted for the erection of school houses—was a corporate purpose; for, as we have seen, one of the duties with which the boards of trustees of school districts are specially charged is, "to provide suitable school houses in their districts and to make the same comfortable."

Now, as the provision of the constitution above cited expressly provides that "the corporate authorities of * * school districts * * may be vested with power to assess and collect taxes for corporate purposes," and as the purpose for which the tax in question was authorized was a corporate purpose; the only remaining inquiry is whether "*the corporate authorities*" of the

corporation known as "the school district of the city of Spartanburg" have been invested with power to assess and collect the tax in question ; and here arises the only difficulty in the case. Regarding, as we do, the board of trustees as the corporate authorities of the corporation, the precise question is whether such board has been invested with power to assess and collect the tax in question.    While it is quite true that the act of 1887 does not *in express terms* authorize the board of trustees to assess and collect the tax in question, yet it does authorize the corporation, which can only act through its corporate authorities, who, as we have seen, are the board of trustees, to issue bonds to the amount of twelve thousand dollars for the purpose of erecting public school buildings, and this "necessarily implied the power to levy and collect taxes to provide for the payment thereof." *Feldman & Co.* v. *City Council of Charleston*, 23 S. C., 57.    It seems to us, therefore, that, by a fair construction of the act, it may be regarded as investing the board of trustees with power to assess and collect taxes necessary for the payment of the principal and interest on the bonds thus authorized to be issued by the corporation through its corporate authorities, the board of trustees.

It is true that the provisions of the fourth section of the act of 1887 would, at first view, seem to have the effect of conferring the power and charging the duty of assessing this tax upon the county auditor of the County of Spartanburg, who is not one of the corporate authorities of the corporation, and who could not therefore be clothed with such power under the provisions of the constitution.    But a more careful examination of the terms of that section will show that such is not the proper construction. The language used is somewhat peculiar.    It does not purport to confer any power upon the auditor to assess the amount of the tax, but he is simply required *to compute* annually the amount necessary to be raised "for the purpose of paying the interest on said bonds and the principal when due," and to levy the same upon all the real and personal property in said school district. This involves merely an arithmetical calculation, and implies that when he has been furnished with the amount assessed by the corporate authorities for the purpose of paying the interest on said bonds and the principal when due, his duty is simply that of an

arithmetician, to compute annually the amount to be charged against each taxpayer within the limits of the school district, and levy the same by charging such amount on the tax books against each individual taxpayer. This, as it seems to us, is the proper construction to be placed upon the language of the section (which it must be admitted is not as clear as it might have been), because best in accordance with the intention of the legislature as gathered from the whole scope and tenor of the act.

When it becomes desirable or necessary to provide for the payment of the principal of said bonds, either by creating a sinking fund, or such other mode as may be deemed best, then, before the auditor can be required to discharge the duty imposed upon him by the act. it will become necessary to furnish the auditor with the amount necessary for that purpose in addition to the amount required to pay the annual interest, but now, when the auditor is simply called upon to compute the amount necessary to be paid by each taxpayer and charge the same upon the tax books, for the purpose of paying the annual interest, which is a certain, definite sum, as the amount of the bonds and the rate of interest are both fixed by the act, we can see no necessity for any more formal assessment of such amount by the board of trustees than is necessarily implied in their demand as set forth in the petition.

It seems to us, therefore, that the writ of mandamus as prayed for in the petition should issue, and it is accordingly so adjudged.